309 So.2d 516 (1975)
Laverne DUNN
v.
Jack REED, Superintendent of Mississippi State Penitentiary.
No. 48264.
Supreme Court of Mississippi.
February 17, 1975.
*517 Harry L. Kelley, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, INZER and BROOM, JJ.
GILLESPIE, Chief Justice, for the Court:
This is an appeal by Laverne Dunn from an order of the Circuit Court of Neshoba County dismissing his petition for writ of error coram nobis without an evidentiary hearing.
The petition alleges that Dunn is serving three sentences in the Penitentiary: one for twenty years on a plea of guilty to manslaughter; one for three years on a plea of guilty to arson; and another for three years on a plea of guilty to arson. It is alleged that the pleas of guilty were not made freely and voluntarily because Dunn was advised by his attorney that he could be given the death penalty despite the fact that this occurred subsequent to the decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and that if he had been advised of the true situation, he would not have entered the plea. The petition further alleges that he was suffering a mental disorder requiring medication which affected his judgment at the time he entered the pleas. It is also alleged that he did not understand that under the maximum penalty of life imprisonment under the murder indictment, he would have been eligible for parole in ten years, which is only one and one-third years longer than the minimum time required for eligibility for parole under the twenty-year manslaughter sentence. These allegations, if true, were sufficient to require the issuance of the writ. The State of Mississippi moved to dismiss the petition because it was not brought in the proper court and this motion was sustained.
Mississippi Code 1972 Annotated section 99-35-145 (2) provides:
In all cases wherein a judgment of conviction in a criminal prosecution has been affirmed on appeal by the supreme court, no petition for the writ of error coram nobis shall be allowed to be filed or entertained in the trial court unless and until the petition for the writ shall *518 have first been presented to a quorum of the justices of the supreme court... .
The convictions involved in Dunn's petition for writ of error coram nobis have not been affirmed on appeal by the Supreme Court. It follows that section 99-35-145(2) does not apply. The Circuit Court of Neshoba County had exclusive jurisdiction to entertain the petition for a writ, and it was error to dismiss the petition without an evidentiary hearing.
The order dismissing the petition is reversed and the case is remanded for an evidentiary hearing.
Reversed and remanded.
RODGERS, PATTERSON, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.