374 So.2d 764 (1979)
Rufus HORTON
v.
STATE of Mississippi.
No. 51301.
Supreme Court of Mississippi.
July 25, 1979.
Rehearing Denied September 26, 1979.
John M. Mooney, Jr., Jackson, for appellant.
A.F. Summer, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, P.J., and SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
Defendant was convicted for the rape of a female under the age of 12 years in violation of section 97-3-65(1) Mississippi Code Annotated (Supp. 1978) and sentenced to life imprisonment. The state did not request the death penalty.
Defendant argues that the evidence was insufficient to prove his guilt beyond a reasonable doubt. Between 8:00 o'clock and 9:00 o'clock p.m. the prosecutrix and two of her cousins were playing in the yard adjoining defendant's apartment. The prosecutrix observed defendant talking to her sister and following this conversation, the defendant lured the prosecutrix, age 10, to his apartment by telling her that her sister wanted her to go to defendant's apartment and get a watch band. The two cousins of the prosecutrix accompanied her to defendant's apartment. Defendant ejected the two cousins from the apartment, struck the prosecutrix on her arm and jaw, forced her to disrobe and attempted to have carnal knowledge of the prosecutrix three times. Meanwhile, the cousins notified the prosecutrix's *765 mother that she was in the defendant's apartment. The mother attempted to gain entrance into the apartment but when her efforts failed, she summoned the police. After knocking and receiving no response, the police forcibly entered defendant's apartment by breaking down the door and found defendant and the prosecutrix in defendant's bedroom. Defendant appeared to be asleep while the prosecutrix was sitting on the edge of the bed crying.
Prosecutrix informed the police, her mother and others present, that defendant had attempted to molest her, whereupon she was taken to the hospital for an examination. A pelvic examination revealed a fresh laceration at the opening of the vagina, one and one-half centimeters in length which was oozing blood at the time of the examination.
Defendant argues that the contradictory testimony by the state's witness about the defendant exhibiting a knife, and other minor contradictions were sufficient to raise a reasonable doubt in the minds of the jury as to the defendant's guilt. We are of the opinion that the proof overwhelmingly established defendant's guilt beyond a reasonable doubt.
Under this assignment of error defendant also argues that the state's evidence did not establish penetration. This argument is without merit because the statute provides:
In all cases where the female child is under the age of twelve (12) years it shall not be necessary to prove penetration of the female's private parts where it is shown the private parts of the female have been lacerated or torn in the attempt to have carnal knowledge of her.
Under the statute penetration of a female's private parts where the female is under 12 years of age is not a requisite element of the charge of rape when it is shown that the private parts of the female have been lacerated or torn in an attempt to have carnal knowledge of her. The examining physician found a laceration as described above.
The defendant also contends that reversible error was committed when blood stained underwear was admitted into evidence without the state having established the requisite chain of custody. The chain of custody of evidence in control of the authorities is usually determined within the sound discretion of the trial judge, and unless this judicial discretion has been so abused as to be prejudicial to the defendant, this Court will not reverse the rulings of the trial court. Nix v. State, 276 So.2d 652 (Miss. 1973) and cases cited therein. In this case we are of the opinion that the trial judge abused his discretion in permitting the underwear to be introduced in evidence. The only purpose of introducing the underwear was for the purpose of showing the presence of dried blood. In view of the testimony of the examining physician that the laceration was oozing blood at the time of the examination, we are of the opinion that this was harmless error under Mississippi Supreme Court Rule 11.
Defendant's final contention is that a sentence of life imprisonment under the statute violates the Eighth Amendment to the Constitution of the United States and Section 28 of the Mississippi Constitution of 1890. Fixing the limits of punishment for crime is a function of the legislature, and unless the punishment specified by statute constitutes cruel and unusual punishment, it will not be disturbed by the judiciary. We recently held in Upshaw v. State, 350 So.2d 1358 (Miss. 1977), that the rape of a female under the age of 12 years is not a minor crime and that punishment by death was constitutional. It naturally follows that punishment by life imprisonment for the same crime does not violate the constitutional prohibition against cruel and unusual punishment.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.