465 So.2d 1077 (1985)
Ray McDONALL
v.
STATE of Mississippi.
No. 55561.
Supreme Court of Mississippi.
March 13, 1985.
Ray McDonall, pro se.
*1078 Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
PER CURIAM.
Ray McDonall has appealed the denial of his petition for writ of habeas corpus by the Circuit Court of Lowndes County on the grounds that that court did not have jurisdiction to entertain the petition. The petition was brought pursuant to Rule 8.07, Uniform Rules of Circuit Court Practice.
The petition alleges that McDonall entered pleas of guilty to eight separate indictments for business burglary. He claims this was done at the urging of counsel, following threats from law enforcement officials. There are other allegations of deprivation of constitutional rights not necessary to recite here for the reasons set forth below.
Without an evidentiary hearing, the trial court entered eight separate orders finding that the petition should be filed in the Supreme Court of the State for review because the trial court was without jurisdiction of said petition at the time it was filed. Following that statement, the separate orders recited that the pleading styled "Writ of Habeas Corpus" be overruled and denied.
Miss. Code Ann. § 99-35-101 (1972) specifically provides that "... an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." Jurisdiction to hear and determine post-conviction collateral relief efforts is in the court last having jurisdiction of the case. Dunn v. Reed, 309 So.2d 516 (Miss. 1975); In Re Broom's Petition, 251 Miss. 25, 168 So.2d 44 (1964).
Dunn v. Reed held:
The convictions involved in Dunn's petition for writ of error coram nobis have not been affirmed on appeal by the Supreme Court. If follows that section 99-35-145(2) does not apply. The Circuit Court of Neshoba County had exclusive jurisdiction to entertain the petition for a writ, and it was error to dismiss the petition without an evidentiary hearing. 309 So.2d at 518.
See also, Sanders v. State, 440 So.2d 278 (Miss. 1983).
By the passage of Chapter 378, General Laws of Mississippi, 1984, Miss. Code Ann. §§ 99-39-1, et seq. (Supp. 1984), the Legislature codified the provisions of law concerning postconviction relief by adopting the "Mississippi Uniform Post-Conviction Collateral Relief Act." Section 99-39-7 (Supp. 1984) provides "The motion under this chapter shall be filed as an original civil action in the trial court, except in cases in which the prisoner's conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed." (Emphasis added.)
Thus it is shown that the Circuit Court of Lowndes County had exclusive jurisdiction to hear and determine the post conviction efforts of McDonall under both the common law and by statute.
Therefore we reverse this case and remand it to the Circuit Court of Lowndes County, Mississippi for the proper exercise of its jurisdiction to hear and determine the matter.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.