# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00384-SCT

*RICHARD D. WHITE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/96 |
| TRIAL JUDGE: | HON. MICHAEL RAY EUBANKS |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | RICHARD DOUGLASS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/16/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/6/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

Appellant prays for relief from the judgment of the Jefferson Davis County Circuit Court denying post conviction relief. Richard White pled guilty to manslaughter as part of a plea bargain with the State before the Honorable Michael Eubanks on May 18, 1994, in the Circuit Court of Jefferson Davis County. The murder charge against White was dropped, and the aggravated assault was *nolle prossed*. White received a twenty-year sentence. The trial court denied White's motion to reduce sentence, and White now appeals to this Court.

## FACTS

White was charged with murder and aggravated assault. He pled guilty to manslaughter as part of a plea bargain with the State in which the charge of murder of Lester Hall was dropped and the charge

of aggravated assault of Marcus Hall was *nolle prossed*. White received a twenty-year sentence as a non-recidivist.

On February 13, 1996, White filed a Motion for Post-Conviction Relief with the Circuit Court of Jefferson Davis County to have his twenty-year sentence reduced. White claimed that his sentence was cruel and unusual punishment, that twenty years was an excessive sentence since he was deemed "not dangerous," and that he received ineffective assistance of counsel.

The Honorable Michael Eubanks dismissed White's petition, denying White any relief. Aggrieved, White now appeals to this Court citing the following issues:

> **I. WHETHER WHITE'S TWENTY-YEAR SENTENCE IS EXCESSIVE AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

> **II. WHETHER WHITE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

> **III. WHETHER THE TRIAL COURT WAS BIASED IN DECIDING WHITE'S MOTION FOR REDUCTION AND MODIFICATION OF SENTENCE.**

## STANDARD OF REVIEW

This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. *Schmitt v. State*, 560 So. 2d 148, 151 (Miss. 1990).

## DISCUSSION OF LAW

> **I. WHETHER WHITE'S TWENTY-YEAR SENTENCE IS EXCESSIVE AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

White contends that his sentence was cruel and unusual punishment. The twenty-year sentence received by White was the maximum penalty for manslaughter under Miss. Code Ann. § 97-3-25 (1994). "As a general rule, a sentence will not be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." *Stromas v. State*, 618 So. 2d 116, 122 (Miss. 1993); *see also Wallace v. State*, 607 So. 2d 1184, 1188 (Miss. 1992); *Fleming v. State*, 604 So. 2d 280, 302 (Miss. 1992); *Reed v. State*, 536 So. 2d 1336, 1339 (Miss. 1988); *Corley v. State*, 536 So. 2d 1314, 1319 (Miss. 1988).

In *Presley v. State*, this Court stated:

> We have held that, when sentences are within the limits of the statute, the imposition of such sentences is within the sound discretion of the trial court and this Court will not reverse them. . . . Likewise, we have held that providing punishment for crime is a function of the legislature, and, unless the punishment specified by statute constitutes cruel and unusual treatment, it will not be disturbed by the judiciary. *Allen v. State*, 440 So. 2d 544 (Miss. 1983); *Adams v. State*, 410 So. 2d 1332 (Miss. 1982); *Baker v. State*, 394 So. 2d 1376 (Miss. 1981); *Horton v. State*,

374 So. 2d 764 (Miss. 1979).

*Presley v. State*, 474 So. 2d 612, 620 (Miss. 1985).

This Court has adopted the standard set forth by the United States Supreme Court in *Solem v. Helm*, 463 U.S. 277 (1983), *overruled by* *Harmelin v. Michigan*, 501 U.S. 957 (1991), to the extent that it found a guaranteed right to proportionality in the Eighth Amendment, for determining whether a sentence is cruel and unusual. *See Stromas*, 618 So. 2d at 122-23. However, this Court has additionally adopted the Fifth Circuit's rationale in *Smallwood v. Johnson*, 73 F.3d 1343, 1347 (5th Cir. 1996), that "[i]n light of *Harmelin*, it appears that Solem is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality.'" *Hoops v. State*, 681 So. 2d 521, 538 (Miss. 1996) (quoting *Smallwood*, 73 F.3d at 1347).

The crimes committed and the sentence imposed in the case sub judice bear strong resemblance to the crimes committed and sentences imposed in *Hoops v. State*. In *Hoops*, the defendant was convicted on two counts of aggravated assault and sentenced to two consecutive fifteen year terms. *Hoops*, 681 So. 2d at 537. The Court, after making a threshold comparison, with *Rummell v. Estelle*, 445 U.S. 263, 265-66 (1980), serving as a guide, concluded that in light of Hoops shooting two individuals, it could not "be argued that Hoop's sentence was grossly disproportionate to his crime." *Hoops*, 681 So. 2d at 538.

Likewise, in the present case, White was indicted for murder and aggravated assault but pled guilty to the lesser offense of manslaughter. The maximum sentence allowed to be given by a trial court to a defendant convicted of manslaughter as a non-habitual offender is twenty years. *See* **Miss. Code Ann.** § 97-3-25 (1994). White committed two violent crimes in which one man was killed and another injured. Thus, White's crimes are certainly as egregious as the crimes committed by Hoops. The trial judge issued the maximum sentence allowed for manslaughter, and under the facts of this case, it can hardly be said that White's sentence was "grossly disproportionate" to his crime, especially when considering the fact that since White was sentenced as a non-habitual offender, he will be eligible for parole in only four years. Therefore, an extended proportionality review under *Solem* is not warranted.

Furthermore, White argues that his twenty-year sentence is excessive because the trial court in sentencing found that he was not "considered dangerous" at the time of sentencing. White, after all, "was incarcerated at the time and without the benefit of the handgun he had used to kill one person and wound another." We too agree that he was far less dangerous to the public while incarcerated. We find that this argument is without merit.

## II. WHETHER WHITE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

White contends that because his attorney did not object to the trial court's imposition of the maximum sentence for manslaughter and because his attorney did not submit character evidence at the sentencing hearing, he was deprived of effective assistance of counsel.

Claims of ineffective assistance of counsel are determined under the standard set forth in *Strickland*

*v. Washington*, 466 U.S. 668 (1984), *reh'g denied*, 467 U.S. 1267 (1984). Two inquiries must be made under the ***Strickland*** standard: (1) Whether counsel's performance was deficient; and, if so, (2) Whether the deficient performance was prejudicial to the defendant. ***Wilson v. State***, 577 So. 2d 394, 396 (Miss. 1991). That is, White "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" ***Schmitt v. State***, 560 So. 2d 148, 154 (Miss. 1990) (quoting ***Strickland***, 466 U.S. at 694). This standard also applies to the entry of a guilty plea. ***Wilson***, 577 So. 2d at 396.

In examining the record and in applying the two-part test as set forth in ***Strickland***, this Court finds that White fails to establish grounds for ineffective assistance of counsel. When a defendant enters a guilty plea, we have held that a defendant must be advised of the nature of the charges to which he is pleading guilty, the consequences of pleading guilty, and the minimum and maximum sentences which he or she may receive. *See* ***Drennan v. State***, No. 96-KP-00021-SCT, 1997 WL 295922 (Miss. June 5, 1997); *see also* ***Nelson v. State***, 626 So. 2d 121 (Miss. 1993); ***Mallett v. State***, 592 So. 2d 524 (Miss. 1991); ***Wilson v. State***, 577 So. 2d 394 (Miss. 1991); ***Vittitoe v. State***, 556 So. 2d 1062 (Miss. 1990). During the guilty plea hearing, White stated that his attorney had explained the charges against him as well as his rights under the indictments. White also answered that he understood the maximum and minimum penalties that he could receive. Furthermore, White's argument that his attorney failed to submit character evidence is unsupported by affidavits as required by Miss. Code Ann. § 99-39-9(1)(e) (1994).

### III. WHETHER THE TRIAL COURT WAS IMPARTIAL IN DECIDING WHITE'S MOTION FOR REDUCTION AND MODIFICATION OF SENTENCE.

White contends that because his Motion for Reduction and/or Modification of Sentence was decided by the same trial judge who initially conducted his plea hearing and sentencing, the trial court was, therefore, necessarily impartial.

In the present case, the trial court had exclusive jurisdiction to hear and determine White's post-conviction relief efforts by statute and by case law. **Miss. Code Ann.** § 99-39-7 (1994) provides, "The motion under this chapter shall be filed as an original civil action in the trial court, except in cases in which the prisoner's conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed." This Court has held that jurisdiction to determine post-conviction relief efforts is in the last court exercising jurisdiction in the case. *See* ***McDonall v. State***, 465 So. 2d 1077, 1078 (Miss. 1985) (citing ***Dunn v. Reed***, 309 So. 2d 516, 518 (Miss. 1975)). Thus, the Jefferson Davis County Circuit Court had jurisdiction over White's post-conviction relief motion.

Alternatively, White easily could have filed a recusal motion in the trial court under **Miss. Code Ann.** § 9-1-11 (1991) had he truly been concerned with the detachment of the trial judge. However, White failed to file such a motion, and as a result, we find that this issue is without merit.

### CONCLUSION

This Court finds that the issues raised by White on appeal are without merit. We find specifically that: (1) the sentence received by White does not constitute cruel and unusual punishment; (2) White has failed to show that he was denied effective assistance of counsel; and (3) the trial court had

jurisdiction over White's motion and was impartial in ruling on such motion. As a result, we affirm the trial court's denial of White's Motion to Reduce and/or Modify Sentence.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**