# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI
## NO. 98-CP-00303 COA

**CEDRIC CARTER**                                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/23/1998 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  DEWITT T. ALLRED III |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | 01/23/1998: POST CONVICTION COLLATERAL RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 12/08/98 |
| MOTION FOR REHEARING FILED: | 1/4/99 |
| CERTIORARI FILED: | 5/6/99 |
| MANDATE ISSUED: | |

BEFORE THOMAS, P.J., DIAZ, AND SOUTHWICK, JJ.

SOUTHWICK, J., FOR THE COURT

¶1. Cedric Carter appeals the denial of post-conviction relief. We find no error and affirm.

¶2. On July 1, 1994, Carter pled guilty to manslaughter. He was given the statutory maximum sentence of twenty years, but with six months suspended and probation for five years. On January 21, 1998, Carter filed a post-conviction relief motion alleging that his sentence was in effect one for twenty-five years, which was illegal because it was greater than the statutory maximum. The circuit court disagreed and found that the sentence was proper and also that the motion was time-barred. ANALYSIS

¶3. Carter filed his motion for post-conviction relief more than three years after his conviction. Motions under the Mississippi Uniform Post-Conviction Collateral Relief Act must be made within three years after

entry of judgment of conviction in the case of a guilty plea. Miss. Code Ann. § 99-39-5(2) (Rev. 1994). The circuit court made entry of judgment in Carter's case on July 1, 1994, and Carter filed his post-conviction relief motion on January 21, 1998. There are three exceptions to the time-bar: (1) intervening court decisions that would have likely affected conviction or sentencing, (2) newly discovered evidence, and (3) a sentence that has expired or an unlawful revocation of probation, parole, or conditional release. *Id.; see also Jones v. State*, 700 So. 2d 631, 632 (Miss. 1997). In addition, if a fundamental constitutional right is involved, such as a sentence beyond the statutory maximum, the limitation period is irrelevant. *Luckett v. State*, 582 So. 2d 428, 430 (Miss. 1991). It is under this last exception that Carter argues his claim falls.

¶4. This sentence requires Carter to serve nineteen and one-half years in prison. For five years of probation that follows, Carter would be subject to various restrictions and to the potential that probation would be revoked and the final six months would then have to be served. From Carter's viewpoint, if probation is not revoked this is a twenty-four and a half-year sentence; if probation is revoked at the end of the five years, it is a twenty-five year sentence. Either way this violates the statutory maximum for his crime of twenty years.

¶5. By only suspending the last six months of the sentence, it would appear that the circuit court was attempting to maximize State supervision of Carter by joining a near-maximum for time served in prison with the maximum period for probation. Whether such a sentence is valid requires examining the statutes regarding probation. One statute, which has since been changed in other respects but not this, stated that if part of a sentence was suspended, the maximum period for probation was five years. Miss. Code Ann. § 47-7-37 (Rev. 1993). Reporting obligations and other terms of the probation could be imposed. Miss. Code Ann. § 47-7-35 (Rev. 1993).

¶6. The only part of the probation statutes that might be an explicit reference to the present issue is that "[n]o part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve." Miss. Code Ann. § 47-7-37. That language might be referring to the specific question here, namely, that a probation period has no correlation to the years that a felon is sentenced to serve and that the total of the two periods may be longer than the maximum sentence. The more logical interpretation, though, is that the language concerns the new sentence that is to be imposed after probation is revoked. We reach that conclusion because the reference is to the sentence that "shall be" imposed, which reasonably means a sentence that arises after probation. For a probation violation, the trial court may revoke any *part* of the originally suspended sentence or "may impose any part of the sentence which might have been imposed at the time of conviction." *Id.* If probation is revoked, the time spent on probation does not count against the remainder of the original sentence or a new sentence that the former probationer is to serve, but the combination of time to serve and probation must still be otherwise valid.

¶7. Instead of this language, we find guidance from what the statute does not state. The only limitation on the length of probation is the following: the "period of probation shall be fixed by the court. . . [and] shall not exceed five (5) years. . . ." *Id.* There is no stated requirement that the total of time served and probation must not exceed the maximum statutory sentence. Neither is there any adjustment mandated that probation cannot even be five years if the offense is one for which the maximum sentence is less than five years. All felonies are subject to having probation imposed. *Jackson v. Waller*, 248 Miss. 166, 160 So. 2d 184 (1964). A felony is any offense "punished with death or confinement in the penitentiary." Miss. Code Ann. § 1-3-11 (Rev. 1998). Several felonies do not permit a sentence of as much as five years. *E.g.,* Miss Code Ann. § 41-29-139 (c)(2)(C) (Supp. 1998) (possession with intent to distribute 30-250 grams marijuana); §

97-5-3 (Rev. 1994) (desertion of child); § 97-29-45 (Rev. 1994) (telephone threats). For Carter to succeed here, the statute would have needed to say that "probation shall not exceed the lesser of five years or the difference between the maximum for the offense and the sentence that is to be served."

¶8. Establishing the length of sentences is a legislative function. *Horton v. State*, 374 So. 2d 764, 765 (Miss. 1979). Absent a successful argument regarding disproportionality, the sentences are constitutional. *Wallace v. State*, 607 So. 2d 1184, 1188 (Miss. 1992). A sentence will not be disturbed on appeal so long as it does not exceed the maximum term allowed by statute. *Hopson v. State*, 625 So. 2d 395, 404 (Miss. 1993).

¶9. What the legislature has done is establish a maximum sentence for an offense, then in another statute established a maximum length for probation. We do not have before us a disproportion or cruelty argument that the total period of incarceration and probation for manslaughter cannot constitutionally be as long as twenty-five years. Instead the argument is that there is a presumption in the statutes that the legislature did not intend for the combined period to be longer than the maximum for the sentence itself. We find no such presumption. Setting sentence and probation ranges is for the legislature. We apply what the legislature actually said on the subject, which is an explicit and unqualified statement that probation can be up to five years and that sentence for manslaughter may be up to twenty years.

¶10. When the same issue was presented in Florida, that state's supreme court noted that its statute contained no limit on the length of probation. *State v. Holmes*, 360 So. 2d 380, 382 (Fla. 1978). As a result, the court created a limit such as the one sought by Carter here. *Id.* at 383. The Mississippi statute, by having a specific five year limit for probation, is not subject to such an interpretative gloss.

¶11. Since Carter's sentence, both served and suspended, is within the statutory range, it is valid. Up to five years of probation is permissible under our statutes even if those years in combination with the custodial part of the sentence is longer than the statutory maximum for the offense.

¶12. Carter failed to file his post-conviction relief motion within the three-year time period for post-conviction relief. He also failed to make a claim under any of the recognized exceptions. The circuit court properly dismissed Carter's motion as time-barred.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND PAYNE, JJ., CONCUR.**