BRANTLEY, J., for the Court.
¶ 1. The Circuit Court of Copiah County dismissed Cynthia Barlow Cotten’s petition for post-conviction relief finding that the court lacked jurisdiction to hear the petition. Aggrieved, Cotten appeals, arguing that the court had jurisdiction to hear the petition for post-conviction relief. In the petition, Cotten argued that the statute under which she was sentenced was unconstitutional. Although we find that the trial court erred in dismissing the petition for lack of jurisdiction, we find that the statute under which Cotten was sentenced is constitutional. Therefore, the dismissal was harmless error and we deny Cotten’s petition for post-conviction relief.
FACTS
¶ 2. In February 1999, Cotten pled guilty to manufacturing marijuana. She had a prior felony conviction from 1987 for drug possession. Therefore, Cotten was sentenced under the enhancement statute for a term of four years.
¶ 3. Cotten filed a petition for post-conviction relief, arguing that the statute under which she was sentenced was unconstitutional. She argued that the enhancement statute for drug offenses, section 41-29-147, was unconstitutional due to a failure to prescribe a time limit for prior convictions. Miss. Code Ann. § 41-29-147 (Rev.2001). In support of this argument, she compared this statute with the enhancement DUI statute, which does prescribe a time limit for prior DUI convictions. Miss.Code Ann. § 63-11-30 (Rev.1996). In addition, she cited to the rules of evidence which only allow convictions to be admitted into evidence if the convictions occurred within ten years. M.R.E. 609.
¶ 4. A hearing was held in December 2000. During the hearing, the trial judge asked whether he had jurisdiction to hear the case. Inexplicably, Cotten’s counsel agreed that the judge did not have jurisdiction. However, Cotten’s petition set *641 forth the jurisdiction under the post-conviction relief statute. The trial judge entered an order dismissing Cotten’s petition for post-conviction relief for lack of jurisdiction. It is from this order that Cotten appeals.
DISCUSSION OF THE ISSUE
¶5. Cotten argues that the trial court did have jurisdiction to hear her post-conviction relief petition. She cites to the post-conviction relief statute in support of her argument. In her petition, Cotten argued that the enhancement statute governing drug conviction does not have a time limit for a prior conviction to enhance the penalty for a second offense. She argues that due to this lack of time period restriction that her constitutional right to due process was violated.
¶ 6. Trial courts have exclusive jurisdiction in post-conviction relief petitions in which the conviction has not been appealed to the Supreme Court of Mississippi. Miss.Code Ann. § 99-39-7 (Rev.2000). See also McDonall v. State, 465 So.2d 1077, 1078 (Miss.1985). Here, Cotten pled guilty and was sentenced by the Copiah County Circuit Court. Therefore, any petitions for post-conviction relief must be filed and heard in that court. Id.
¶ 7. The post-conviction relief statute sets forth several claims under which the conviction and sentence may be challenged. Miss.Code Ann. § 99-39-5(1) (Rev.2000). A petitioner may challenge the constitutionality of the statute under which they were sentenced and/or convicted. Miss.Code Ann. § 99-39-5(l)(e). The relief that the trial court may grant is set forth in section 99-39-23(5). Miss.Code Ann. § 99-39-23(5) (Rev.2000).
¶ 8. Here, the trial court held that it did not have jurisdiction to hear the petition. During the hearing the judge made several statements concerning his inability to re-sentence Cotton. The trial judge was correct that he has no authority to suspend a sentence. The Mississippi Supreme Court has repeatedly held that “the only time a trial judge can suspend a sentence is immediately after the defendant is convicted and at the time the trial judge announces and imposes sentence.” Denton v. Maples, 394 So.2d 895, 898 (Miss.1981).
¶ 9. However, here the court had before it a petition for post-conviction relief, attacking the constitutionality of the sentence imposed. As stated above, the court does have jurisdiction to hear such petitions. Additionally, “[i]f the court finds in favor of the prisoner, it shall enter an appropriate order with respect to the conviction or sentence under attack, and any supplementary orders as to ... discharge, correction of sentence or other matters that may be necessary and proper.” Miss. Code Ann. § 99-39-23(5) (Rev.2000). Therefore, the trial court, if finding in favor of Cotten, does have the authority to make corrections to her sentence. Accordingly, the trial court erred in dismissing the petition for lack of jurisdiction.
¶ 10. Although the trial court erred in finding that it lacked jurisdiction to hear the petition, we will still address the merits of Cotten’s constitutional argument. The issue of remoteness for a prior offense has not been addressed as it relates to section 41-29-147. However, the Mississippi Supreme Court has addressed the issue as it relates to sentencing as a habitual offender pursuant to section 99-19-81. Pace v. State, 407 So.2d 530, 535 (Miss.1981), overruled on other grounds; Hall v. State, 427 So.2d 957, 962 (Miss.1983).
¶ 11. In Pace, the court upheld the sentence of a habitual offender whose prior offense was more that ten years before the second offense. Pace, 407 So.2d at 535. Additionally, in Hall, a twenty-one year *642 old prior conviction was used to sentence Hall as a habitual offender. Hall, 427 So.2d at 962. Again, the court affirmed the sentence. Id. Remoteness in the convictions relied upon for enhanced sentencing is not a factor to be considered. Pace, 407 So.2d at 535.
¶ 12. “Drug offenses are very serious, and the public has expressed grave concern with the drug problem. The legislature has responded in kind with stiff penalties for drug offenders. It is the legislature’s prerogative and not his Court’s to set the length of sentences.” Stromas v. State, 618 So.2d 116, 123 (Miss.1993). The legislature placed no restriction on the remoteness' of prior offenses for the purposes of enhanced sentencing either under section 99-19-81 or 41-29-147.
¶ 13. As the Mississippi Supreme Court has upheld the constitutionality of section 99-19-81, we see no reason to hold differently in this case dealing with the similar issue relating to section 41-129-147. Therefore, we deny Cotten’s petition for post-conviction relief. Consequently, the erroneous dismissal for lack of jurisdiction by the circuit court was harmless.
¶ 14. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS REVERSED AND THE PETITION FOR POST-CONVICTION RELIEF IS HEREBY DENIED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ„ concur.