MYERS, P.J.,
for the Court.
¶ 1. The Circuit Court of Warren County dismissed Robert H. Jackson’s motion for post-conviction relief as successive-writ-barred. Jackson appeals the dismissal, citing numerous errors for our review. Finding no error in the circuit court’s judgment, we affirm.
FACTS
¶ 2. Jackson pleaded guilty to capital murder for killing Josephine Todd during the burglary of her home on June 4, 1979. Jackson v. State, 506 So.2d 994, 994 (Miss.1987). Jackson appears to have sought post-conviction relief numerous times since his guilty plea. See id.; Jackson v. State, 568 So.2d 1212 (Miss.1990); Jackson v. State, 665 So.2d 1356 (Miss.1995).
¶ 3. In 2001, Jackson sought leave of the supreme court to again seek post-conviction relief in the circuit court, under cause number 2001-M-00864. The supreme *782 court denied Jackson permission, finding that his petition was procedurally barred as a successive writ. Jackson sought reconsideration of this judgment numerous times, but each of his variously styled motions was ultimately denied. Jackson then filed a “Petition for Extraordinary Circumstances Review,” cause number 2003-M-01858, that the supreme court treated as another petition for permission to seek post-conviction relief. The supreme court found this petition, “like others filed previously by Jackson,” to be barred as a successive writ. Undeterred, Jackson filed the instant motion for post-conviction relief in the circuit court. The circuit court dismissed Jackson’s petition as a successive writ. Jackson now appeals from that judgment, asserting numerous errors. We have condensed those into a single issue.
WHETHER THE CIRCUIT COURT ERRED IN DISMISSING JACKSON’S MOTION FOR POST-CONVICTION RELIEF.
¶ 4. The relevant code section on successive attempts to obtain post-conviction relief reads in part as follows: “The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article.” Miss.Code Ann. § 99-39-27(9) (Rev.2007). We recognize certain enumerated exceptions to the successive-writ bar, including an application filed raising the issue of the convict’s supervening insanity prior to the execution of a sentence of death, intervening cases of either the United States Supreme Court or the Mississippi Supreme Court that would have adversely affected the outcome of conviction or sentence, or newly discovered evidence which was not reasonably discoverable at the time of trial. See id. However, we will not overturn a dismissal of a motion for post-conviction relief without a showing that an exception to the successive-writ bar exists. Johnson v. State, 962 So.2d 87, 89(¶ 12) (Miss.Ct.App.2007).
¶ 5. Jackson argues that State v. Berry-hill, 703 So.2d 250 (Miss.1997), is such an intervening decision. Nonetheless, it is apparent from our review of the record that Jackson has made the same argument before the supreme court in his prior petitions. The supreme court found it to be without merit, and we are bound by its prior decision. More fundamentally, Ber-ryhill cannot now be an “intervening decision” because it was handed down well before the supreme court’s dismissal of Jackson’s most recent petitions seeking permission to file a motion for post-conviction relief.
¶ 6. Additionally, while Jackson did seek permission from the supreme court to proceed with a motion for post-conviction relief, he never received it. When, as here, the supreme court is the court which has last exercised jurisdiction, a prisoner is required to obtain its leave before proceeding in the circuit court because “the supreme court has initial jurisdiction over a post-conviction proceeding where that court is the one that last exercised jurisdiction in the case.” Perry v. State, 759 So.2d 1269, 1270(¶ 6) (Miss.Ct.App.2000). See also Miss.Code Ann. § 99-39-7 (Rev.2007).
¶ 7. Jackson’s motion is procedurally barred as an impermissible subsequent attempt to obtain post-conviction relief, as Jackson has failed to show that it falls within any of the statutory exceptions to the successive-writ bar. Furthermore, the circuit court was without jurisdiction to entertain Jackson’s motion absent leave of the supreme court, which Jackson did not obtain. Accordingly, the circuit court’s judgment dismissing Jackson’s motion for post-conviction relief is affirmed.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY *783 DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.