SMITH, Presiding Justice,
for the Court:
On February 28,1977 Ruthie Johnson was convicted of grand larceny in the Circuit Court of Choctaw County and sentenced to five years imprisonment. On May 14, 1980 this Court dismissed her appeal from that conviction because it was not perfected in the time and manner required by law. See Johnson v. State, 52,246 (Mississippi Supreme Court Docket). The dismissal of the appeal had the effect of affirming Johnson’s conviction and sentence.
On May 29,1980, Johnson filed a petition for the writ of habeas corpus in the Circuit Court of Choctaw County, alleging “ineffective assistance of court appointed counsel.” The circuit court judge denied the petition upon the ground that it failed to allege that the court in which Johnson was convicted had been without jurisdiction. From the dismissal of that petition Johnson has appealed here.
Mississippi Uniform Criminal Rules of Circuit Court Procedure, Rule 8.08 provides that habeas corpus “shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty ...” We note that Johnson’s petition in the present case failed to comply with the requirements of Rule 8.08 in the essential particulars. These requirements are clearly stated, are reasonable, and designed to require the petitioner to state facts upon which he relies with sufficient clarity and specificity to enable the court to determine whether it states a case for relief or not. In denying the petition the circuit court judge reached the right conclusion.
Moreover, Rule 8.08 provides, among other things: “The petition for the writ of habeas corpus shall be filed with the clerk of the court that last entertained any proceeding on the cause from which the petitioner seeks relief, whether the court be in term or in vacation.”
This Court in dismissing Johnson’s original appeal on May 14, 1980 was the Court that last “entertained” any proceeding on the cause, not the Circuit Court of Choctaw County.
Moreover, Johnson’s conviction and sentence were affirmed through the dismissal by this Court of Johnson’s original appeal.
Mississippi Code Annotated section 99-35-145 (1972) provides a post conviction remedy in cases where, as here, “judgment or conviction in a criminal prosecution has been affirmed on appeal by the Supreme Court,” and section (2) of the statute provides:
In all cases wherein a judgment of conviction in a criminal prosecution has been affirmed on appeal by the supreme court, no petition for the writ of error coram nobis shall be allowed to be filed or entertained in the trial court unless and until the petition for the writ shall have first been presented to a quorum of the justices of the supreme court, convened for said purpose either in term time or in vacation, and an order granted allowing the filing of such petition in the trial court.
In the case now before the Court Johnson’s petition failed to meet the essential requirements of Rule 8.08 of the Criminal Rules of Circuit Courts as a petition for writ of habeas corpus and the action of the circuit court judge in dismissing it would have been proper in any event. But, Johnson’s conviction and sentence had been affirmed by this Court, as stated above, and the circuit court was without jurisdiction to entertain it.
Johnson is not without remedy, however, and may avail herself of the modes for relief set out in the statute and rule by properly filing a petition in compliance with the requirements therein set forth.
The action of the circuit court in dismissing the petition is affirmed, but such af-firmance is without prejudice to Johnson’s rights in the premises.
This case was considered by a conference of the Judges en banc.
AFFIRMED.
All Justices concur.