556 So.2d 357 (1990)
Bryant MARTIN
v.
STATE of Mississippi.
No. 89-M-503.
Supreme Court of Mississippi.
January 24, 1990.
B. Calvin Cosnahan, McComb, for petitioner.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for respondent.
Before DAN M. LEE, P.J., and PITTMAN and BLASS, JJ.
BLASS, Justice, for the Court:

I.
Bryant Martin was convicted of sale of less than one ounce of marijuana on a plea of guilty in the Circuit Court of Pike County on October 28, 1983. Martin was sentenced to serve three (3) years in the penitentiary, but this sentence was suspended and Martin was placed on five (5) years probation.
At the October, 1987 term of the Pike County Grand Jury, while Martin was still on probation, he was indicted, again for the sale of marijuana. Martin was duly arraigned and his case set for trial.
Trial commenced on October 20, 1987, and a mistrial was declared due to a discovery violation by the State. A second trial commenced on October 27, 1987, *358 whereupon a directed verdict was granted in favor of Martin because the alleged marijuana was ruled inadmissible as evidence against him.
Following the State's failure to obtain a conviction, a Petition for Revocation of Probation was served on Martin. On October 30, 1987, a hearing was held on this Petition, following which the Circuit Court of Pike County revoked Martin's probation and sentenced him to serve the three (3) year sentence which had been suspended in 1983 in favor of probation.
Martin sought reconsideration by the lower court, but none was forthcoming and Martin filed a direct appeal to this Court. The State filed a Motion to Dismiss Appeal on the ground that an order revoking probation is not directly appealable. This Court granted the Motion on March 29, 1989, "without prejudice for Martin to institute post-conviction relief action under Miss. Code Ann. § 99-39-5(1)(g) (Cum.Supp. 1988)."
Following dismissal, Martin initiated post-conviction proceedings by filing in this Court a pleading styled Petition for Writ of Habeas Corpus and to Stay Execution of State Court Judgment of Sentence. On May 3, 1989, this Court granted Martin a temporary stay of execution of the lower court judgment revoking probation, and set a briefing schedule in order to get a response to the Petition from the State, and to allow Martin a reply.

II.
Although the substantive claims raised by Martin's Petition have been addressed by the parties, we find that a fundamental prerequisite has been completely overlooked. At this stage of the proceedings, the Supreme Court of Mississippi is not empowered by the Uniform Post-Conviction Collateral Relief Act to entertain Martin's Petition. In other words, this post-conviction relief action initiated by Martin must be dismissed without prejudice as having been filed in the wrong court.
When we dismissed Martin's direct appeal on March 29, 1989, without prejudice to institute post-conviction proceedings pursuant to Miss. Code Ann. § 99-39-5(1)(g) (Supp. 1989), we did not direct in which court said proceedings should be initiated. We assumed that the jurisdictional directive of § 99-39-7 would be followed, and furthermore, that it would be clear. Since, apparently, it is not clear, some clarification is in order.
Section 99-39-7 of the Post-Conviction Relief Act sets forth the circumstances in which a motion for relief under the Act must be filed originally in the trial court and in what circumstances the motion must first be filed in the Supreme Court of Mississippi. The only time that the motion must first be filed in this Court is when "the prisoner's conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this chapter shall not be filed in the trial court until the motion shall have been presented to a quorum of the justices of the supreme court of Mississippi, ... and an order granted allowing the filing of such motion in the trial court."
Under this section, and § 99-39-25, there are only two instances in which this Court can entertain a post-conviction motion. One is where the matter is presented originally to the trial court and thereafter appealed to this Court pursuant to § 99-39-25. The other is where the prisoner is required to first seek leave of this Court to proceed in the lower court. The case at bar does not fit either situation.
Obviously, this particular action is not on appeal pursuant to § 99-39-25 as a proper motion under the Act has not yet been presented to the trial court. Thus, the only other basis for our reaching the merits of Martin's petition would be if it were filed here originally in the form of an application for leave to proceed in the lower court as required by § 99-39-7. Under careful scrutiny, however, the petition fails to meet this requirement as well.
In the first place, Martin has not caused a "conviction and sentence" to be *359 appealed to this Court. His original, underlying conviction and sentence resulted from a guilty plea, and therefore, there could be no appeal to this Court. See Miss. Code Ann. § 99-35-105 (1972). In cases where the prisoner has entered a plea of guilty, the trial court has exclusive, original jurisdiction to hear and determine a petition for post-conviction relief. McDonall v. State, 465 So.2d 1077 (Miss. 1985). The only authority we have in these situations is to act in an appellate capacity if either the prisoner or the State causes the trial court's ruling to be appealed under § 99-39-25. As previously stated, our appellate jurisdiction under the Post-Conviction Relief Act has not been properly invoked.
Second, even if we assume that the revocation of Martin's probation satisfies the underlying "conviction and sentence" requirement of § 99-39-7, we hold that the direct appeal therefrom, and our subsequent dismissal, did not vest jurisdiction in this Court sufficient in law to satisfy the requirement of that section. There is, of course, general language in our prior cases to the effect that the court to last exercise jurisdiction in the case has exclusive, original jurisdiction over the post-conviction petition. See Evans v. State, 485 So.2d 276, 283 (Miss. 1986), cert. denied, 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 994 (1986); McDonall v. State, 465 So.2d at 1078.
Furthermore, it could be argued that Martin's petition for post-conviction collateral relief should be filed in this Court because his appeal "has been dismissed." Put another way, one could argue that by dismissing Martin's direct appeal, and by later issuing a temporary stay of execution, this Court thereby became the last court to exercise jurisdiction in this cause and should, therefore, be the court of first resort for Martin's post-conviction petition.
However, implicit in the scheme of the Post-Conviction Relief Act is the requirement that in order for this Court to acquire exclusive, original jurisdiction over a petition filed thereunder, this Court must have previously made some final determination going to the merits of the underlying conviction and sentence. It is not enough to confer exclusive jurisdiction on this Court under § 99-39-7 that we dismissed an appeal without prejudice for lack of jurisdiction, and incident to attempted post-conviction proceedings, that we granted a temporary stay of execution.
The actions taken by this Court in this cause have been merely procedural in nature, and have in no way touched on the merits of Martin's conviction and sentence.[1] This case is not like Johnson v. State, 394 So.2d 319 (Miss. 1981), where this Court held that the dismissal of an appeal because it was not perfected in the time and manner required by law was sufficient to deprive the lower court of exclusive, original jurisdiction over a post-conviction matter. In Johnson, the defendant's direct appeal was dismissed because of Johnson's failure to properly perfect same, a jurisdictional defect similar in kind and effect to the one used by this Court to dismiss Martin's direct appeal of the judgment revoking his probation.[2]
However, in Johnson, the appeal was directly from the underlying conviction of grand larceny and sentence of five years imprisonment, and "the dismissal of the appeal had the effect of affirming Johnson's conviction and sentence." 394 So.2d at 320. In other words, the dismissal of Johnson's initial direct appeal was with prejudice. Here, on the other hand, Martin *360 was not appealing directly from his conviction of sale of marijuana and sentence, and more importantly, the dismissal by this court was without prejudice, and therefore, did not have any preclusive effect on any conviction and sentence.

III.
Consequently, we are led to dismiss this petition without prejudice as having been filed in the wrong court. The Circuit Court of Pike County has exclusive, original jurisdiction over this matter. If Martin desires this Court to review the matter of his probation revocation, he must first file an appropriate petition in the lower court, claiming under § 99-39-5(1)(g) that his probation has been unlawfully revoked. If dissatisfied with the ruling of that court, then, and then only, he may appeal that ruling to this Court pursuant to Miss. Code Ann. § 99-39-25 (Supp. 1989).
Finally, the temporary stay of execution previously entered by this Court in this cause is hereby dissolved, and the matter of bail is committed to the jurisdiction of the trial court until such time hereafter as this Court may properly acquire jurisdiction thereof.
PETITION FOR WRIT OF HABEAS CORPUS DISMISSED WITHOUT PREJUDICE.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] Keep in mind that it is being assumed here for argument that the revocation of Martin's probation constitutes a conviction and sentence within the meaning of § 99-39-7 solely in order to establish the contours of that section's jurisdictional requirement. Beyond this argument, we do not endorse the assumption. Instead, the conviction and sentence required by § 99-39-7 were obtained when Martin entered a plea of guilty on October 28, 1983, and therefore, the Circuit Court of Pike County has exclusive, original jurisdiction under § 99-39-7 to entertain the present petition for post-conviction collateral relief.
[2] Here, Martin's direct appeal was dismissed because an order revoking probation is not made directly appealable to the Supreme Court of Mississippi by statute or otherwise. Thus, Martin's appeal was dismissed for lack of jurisdiction, as was Johnson's appeal.