JAMES L. ROBERTS, Jr.,
Justice, for the Court:

INTRODUCTION

Joseph Walton pled guilty to armed robbery on August 29,1983, in the Circuit Court *753 of Marshall County. Walton appealed cause No. 90-KA-01252 directly to this Court wherein the circuit court entered an order imposing a prior suspended sentence for the pled armed robbery. We find that cause No. 90-KA-01252-SCT is not properly before this Court pursuant to Miss.Code Ann. § 99-39-7, the Uniform Post-Conviction Collateral Relief Act. Such relief must first be sought in the trial court, which Walton did not do, requiring his appeal of the Circuit Court’s order imposing a prior suspended sentence for armed robbery to be dismissed without prejudice. So Ordered.

FACTS

Joseph Walton pled guilty to armed robbery on August 29,1983, in the Circuit Court of Marshall County. He was sentenced to a term of fifteen years, with ten years suspended. Walton served five years, less ten months earned time, and was released on November 24,1987.
Some four months later, Walton was indicted for selling cocaine to an undercover agent and confidential informant on March 28, 1988 and was subsequently convicted of this crime on November 16, 1989. Thereafter, in April, 1990, Walton filed a notice of appeal of that conviction.[1] The district attorney for Marshall County filed a'petition with the circuit court of said county on April 25, 1990, requesting that the prior 1983 suspended sentence be revoked and that Walton be required to serve the remainder of that term of which approximately ten years remained. On November 5, 1990, the Marshall County Circuit Court entered an ORDER IMPOSING THE SUSPENDED SENTENCE with credit given for five years served, to run concurrently with the cocaine sentence.
Walton filed an appeal of that revocation with this Court. Walton’s appeal of this order and his cocaine conviction were consolidated on January 11, 1991 by this Court. However, we now find it unnecessary to consolidate both cases and only address the appeal concerning the revocation of Walton’s suspended sentence in this opinion. Accordingly, Walton’s alleged error which will be addressed by this opinion is solely whether or not:
I. THE COURT ERRED IN REVOKING THE SUSPENDED SENTENCE.

LAW

SUSPENDED SENTENCE

Walton contends on appeal that the trial court erred in revoking his suspended sentence for armed robbery. The State contends that this claim is not properly before this Court, because § 99-39-7 of the Uniform Post-Conviction Collateral Relief Act, requires that such relief must first be sought in the trial court. We agree.
Under Miss.Code Ann. § 99 — 39—5(l)(g) (1972), a prisoner who claims that his probation, parole, or conditional relief was unlawfully revoked may file a motion to vacate, set aside, or correct the judgment or sentence. Walton was eligible to contest the November 1990 order revoking his suspended sentence under this statute.
Section 99-39-7 of the Uniform Post-Conviction Collateral Relief Act directs that:
The motion under this chapter shall be filed as an original civil action in the trial court, except in cases in which the prisoner’s conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed.
Directly on point is Martin v. State, 556 So.2d 357 (Miss.1990). In Martin, a prisoner entered a guilty plea and received a five year suspended sentence. He was later indicted for another crime, and two mistrials followed. The trial court granted the State’s petition for revocation of the suspended sentence. The prisoner attempted to appeal directly to this Court. We then clarified the appeal procedures, stating that this Court would hear post-conviction motions only where (1) the matter was presented originally to the trial court and thereafter appealed to the Supreme Court pursuant to § 99-39-25, or (2) where the prisoner is required to first *754 seek leave of the Supreme Court to proceed in the lower court.
Under § 99-39-25, a party aggrieved by the final judgment entered under the Post-Conviction Relief Act may appeal to this Court. See also McDouall v. State, 465 So.2d 1077 (Miss.1985) (trial court had exclusive jurisdiction to hear and determine defendant’s petition for habeas corpus following his conviction, where defendant’s conviction and sentence had not been appealed to the Mississippi Supreme Court). Walton did not appeal his 1983 conviction and sentence for armed robbery to this Court. Therefore, he was required to file his motion with the trial court in Marshall County.
The issue of the revocation of Walton’s suspended sentence is not properly before this Court. Walton must file his motion in the trial court of Marshall County.

CONCLUSION

By statute, this Court cannot yet hear Walton’s appeal of the order to impose the suspended sentence. Accordingly, cause No.90-KA-01252-SCT is hereby dismissed without prejudice.
LOWER COURT’S ORDER IMPOSING A SUSPENDED SENTENCE IS DISMISSED WITHOUT PREJUDICE.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and SMITH, JJ., concur.

. The conviction and appeal for selling cocaine is not involved in this case. Walton’s appeal of the cocaine conviction, No.90-KA-00466-SCT is still pending before this Court.