McMILLIN, C.J., for the Court:
¶ 1. Christopher Harris has appealed a Lowndes County Circuit Court order that denied relief on his motion seeking to have two criminal sentences run concurrently rather than consecutively. Harris, in his brief to this Court, has abandoned the grounds for relief presented to the circuit court and, instead, urges us to conclude that his attorney at the trial level did not provide representation that met the basic level of competence required by the Sixth Amendment. Specifically, Harris charges that his attorney incorrectly told him that, if he would plead guilty, the new sentence would run concurrently with the sentence for his prior conviction.
¶2. Harris pled guilty in 1995 to the crime of sale of a controlled substance. He was sentenced to serve a term of eight years. At the time of Harris’s arrest on the drug charge, he was free on a suspended seven year sentence he received after pleading guilty to a business burglary charge in 1993. Shortly after Harris was sentenced on the drug charge, the trial judge that had accepted his plea on the burglary charge revoked his probation and ordered that he serve the seven year sentence. The judge ordered the sentence to run consecutively to any other sentence then in effect, which necessarily referred to the recently-imposed eight year drug sentence.
¶ 3. In 1999, Harris filed a pro se motion in the drug case styled “Motion to Run *354 Sentences Concurrently.” In that motion, Harris recited that he had completed a drug and alcohol rehabilitation program while in prison and had attained “trusty” status. He maintained that he had been a model prisoner who had undergone a religious conversion. Harris also recited that he had learned that he had contracted AIDS at some point and that his parents were willing to assume responsibility for his treatment. The combination of these facts, according to Harris’s motion, suggested that he ought to be returned to society at large, where he could be cared for in his illness and where he would also have an opportunity to become a productive citizen. His only prayer for relief in the motion was a request that, because of the various considerations recited in his motion, his drug-related sentence and his bürglary sentence be made to run concurrently. The trial court denied the motion summarily.
¶ 4. After his motion was denied by the circuit judge, Harris filed a notice of appeal. As an attachment to his appeal notice, Harris filed a separate printed form post-conviction relief motion in which he raised a claim of ineffective assistance of counsel. In that attachment, Harris suggested — for the first time — that his attorney in the drug case told him that, if he would plead guilty, his sentence would run concurrently with any time he would have to serve on the burglary charge.
¶ 5. An effort to obtain post-conviction relief after a guilty plea must be pursued in the first instance in the circuit court where the plea was entered. Miss. Code Ann. § 99-39-7 (Rev.1994). The circuit court accepting the plea must rule upon requests for relief under this State’s post-conviction relief statute before they can be reviewed on appeal. Martin v. State, 556 So.2d 357, 358 (Miss.1990). Harris failed to pursue an ineffective assistance of counsel claim in the proceeding below, and he cannot now have that question reviewed in his appearance before this Court.
¶ 6. That consideration aside, Harris was sentenced on the drug charge on May 11, 1995, and his probation was revoked on the burglary charge on August 22, 1995. Section 99-39-5(2) Miss.Code Ann. (Rev.1994) provides a three year limitation period for filing post-conviction relief motions. Even had Harris properly raised the competency of counsel issue in his original motion to the circuit court, it would have been substantially outside the limitation period and, therefore, time-barred.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.