# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CT-01890-SCT

*GERALD JONES*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/13/2009 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GERALD JONES (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: W. GLENN WATTS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION | THE JUDGMENTS OF THE COURT OF APPEALS AND THE CIRCUIT COURT OF LAFAYETTE COUNTY ARE VACATED - 06/09/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.    The Court of Appeals did not address the State's claim that jurisdiction was lacking for Jones's petition, as he had not filed an Application for Permission to Proceed as required by Mississippi Code Section 99-39-7 (Rev. 2007).  *See **Jones v. State**,* 2010 WL 3310231, *4 (Miss. Ct. App. Aug. 24, 2010).  We find that the trial court lacked jurisdiction to hear

Jones's petition and consequently that the Court of Appeals erred in addressing the merits *vel non* of the case. Thus, we vacate the judgments of the Court of Appeals and the trial court.

## FACTS AND PROCEDURAL HISTORY

¶2. Regarding the Court of Appeals' earlier dismissal of Jones's direct appeal, the Court of Appeals stated:

> On July 17, 2006, [the Court of Appeals] on its own motion dismissed Jones's appeal as untimely filed. We determined that Jones's post-trial motion was denied on January 24, 2003, and the notice of appeal was not filed until June 2, 2006. Therefore, the notice was not timely filed. We also stated that the docket failed to indicate that a motion for permission to file an out-of-time appeal was filed or granted. As a result, Jones's appeal was dismissed.

*Id.* at *2. On June 24, 2008, without first requesting leave of this Court, Jones filed in the trial court a motion for post-conviction collateral relief. The motion was denied, and Jones appealed from that judgment. *See id.* After the Court of Appeals reversed the trial-court judgment, we granted the State's petition for writ of certiorari. *See id.* at *4.

## ANALYSIS

¶3. The issue is whether the trial court had jurisdiction to hear Jones's petition, and whether the Court of Appeals had jurisdiction to hear the appeal. Mississippi's Uniform Post-Conviction Collateral Relief Act ("PCR Act") provides the following:

> The motion under this article shall be filed as an original civil action in the trial court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the

appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi . . . .

Miss. Code Ann. § 99-39-7 (Rev. 2007). This Court has held that the dismissal of an appeal "because it was not perfected in the time and manner required by law" has "the effect of affirming [the appellant]'s conviction and sentence." *Johnson v. State*, 394 So. 2d 319, 320 (Miss. 1981). Here, Jones's direct appeal was dismissed, as it was not timely filed.

¶4.      Regarding postconviction relief, Jones was required first to present his motion to this Court. There is no evidence that Jones ever requested from this Court leave to proceed in the trial court. *See Evans v. State*, 485 So. 2d 276, 283 (Miss. 1986); *Meshell v. State*, 832 So. 2d 1244, 1245 (Miss. Ct. App. 2002); *Perry v. State*, 759 So. 2d 1269, 1270 (Miss. Ct. App. 2000). Being without jurisdiction, the trial court should have dismissed the petition. The Court of Appeals erred in failing to address jurisdiction. *See Thornhill v. State*, 240 Miss. 131, 134, 126 So. 2d 527, 528 (1961); *Cortez v. State*, 9 So. 3d 445, 446 (Miss. Ct. App. 2009).

¶5.      As was Johnson, Jones "is not without remedy, however, and may avail [himself] of the modes of relief set out in the [PCR Act] by properly filing a petition in compliance with the requirements therein set forth." *Johnson*, 394 So. 2d at 320.

## CONCLUSION

3

¶6.     Both the trial court and the Court of Appeals erred in failing to dismiss the case for lack of jurisdiction.  We vacate both judgments.  We render judgment here, dismissing Jones's PCR motion for failure to obtain leave to file as provided in Mississippi Code Section 99-39-7 (Rev. 2007).

¶7.     **THE JUDGMENTS OF THE COURT OF APPEALS AND THE CIRCUIT COURT OF LAFAYETTE COUNTY ARE VACATED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.**