# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KM-01472-COA

**HERBERT LEON BREWER, III**                                            APPELLANT

v.

**STATE OF MISSISSIPPI**                                                      APPELLEE

DATE OF JUDGMENT:                05/17/2013
TRIAL JUDGE:                     HON. SMITH MURPHEY
COURT FROM WHICH APPEALED:       TATE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          HERBERT LEON BREWER III (PRO SE)
ATTORNEY FOR APPELLEE:           ALICIA MARIE AINSWORTH
DISTRICT ATTORNEY:               C. GAINES BAKER
NATURE OF THE CASE:              CRIMINAL - MISDEMEANOR
TRIAL COURT DISPOSITION:         CONVICTED OF SPEEDING AND
                                 ORDERED TO PAY A FINE OF $75 PLUS
                                 ALL OTHER COURT COSTS
DISPOSITION:                     APPEAL DISMISSED: 10/13/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., MAXWELL AND FAIR, JJ.

### FAIR, J., FOR THE COURT:

¶1. Herbert Brewer III was charged with violating the speed limit in Tate County, Mississippi, and was convicted in justice court. Aggrieved, he appealed his conviction to the Tate County Circuit Court. The circuit court found Brewer guilty of speeding, assessed him a $75 fine, and ordered him to pay court costs. Brewer now appeals the circuit court's judgment. Because Brewer's appeal was not filed within thirty days of the final judgment, we lack jurisdiction. Therefore, we dismiss Brewer's appeal.

### DISCUSSION

¶2.     Rule 10.05 of the Uniform Rules of Circuit and Court Practice requires that "a motion for a new trial . . . be made within ten days of the entry of judgment." The circuit court's order ruling Brewer violated the speed limit was entered on June 18, 2013. So Brewer had until June 28, 2013, to file a motion for a new trial or a judgment notwithstanding the verdict (JNOV).[1] He did not file any motions until he filed his "Motion Post Judgment to Reconsider Order" almost a month later on July 19, 2013. The circuit court treated Brewer's motion as a motion for a new trial or a JNOV, and dismissed it as untimely on July 31, 2013. The circuit court further ruled that, even if the motion had been timely filed, it lacked merit.

¶3.     Brewer appealed the July 31 order to the Mississippi Supreme Court on August 29, 2013. The Mississippi Rules of Appellate Procedure state that a "notice of appeal . . . shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." M.R.A.P. 4(a). But only "[i]f a defendant makes a *timely* motion [in the trial court] . . . [shall] the time for appeal for all parties . . . run from the entry of the order denying such motion." M.R.A.P. 4(e) (emphasis added). Since Brewer's motion from July 19 was untimely, Brewer had thirty days from the date of the original June 18 order to appeal to the supreme court. He did not. Because this Court lacks jurisdiction and also, like the trial judge, finds no merit to Brewer's argument to justify sua sponte suspension of the rules for appeal, we dismiss Brewer's untimely appeal.

---

[1] Motions for a JNOV are subject to the same time limitations as motions for a new trial. *McGraw v. State*, 688 So. 2d 764, 770 (Miss. 1997).

¶4.    **THIS APPEAL IS DISMISSED.    ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, JAMES AND WILSON, JJ., CONCUR.**