# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00114-COA

**MARSHALL BRIAN CHANDLER A/K/A**                    **APPELLANT**
**MARSHALL CHANDLER A/K/A MARSHALL B.**
**CHANDLER**

**v.**

**STATE OF MISSISSIPPI**                                       **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/16/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARSHALL BRIAN CHANDLER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED AND DISMISSED |
| DISPOSITION: | VACATED; JUDGMENT RENDERED DISMISSING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF - 02/23/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.    Marshall Chandler appeals from the judgment of the Madison County Circuit Court summarily dismissing his motion for post-conviction relief (PCR) on the merits. Because Chandler's direct appeal from his conviction was dismissed as untimely, he was required by law to request and obtain leave from the Mississippi Supreme Court before filing a PCR motion in the circuit court. Because he failed to do so, the circuit court was correct to dismiss his PCR motion but should have dismissed for lack of jurisdiction rather than on the

merits. Accordingly, we vacate the judgment of the circuit court and render a judgment dismissing Chandler's PCR motion for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2. In June 2012, a Madison County jury convicted Chandler of kidnapping, aggravated assault, and conspiracy to commit aggravated assault. Chandler was indicted as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), but prior to his sentencing hearing, he reached an agreement with the State under which he agreed to waive his right to appeal and testify against one of his co-conspirators,[1] and in return the State agreed not to pursue an enhanced sentence under the habitual offender statute. The terms of the agreement were announced to the circuit judge at Chandler's sentencing hearing in August 2012, and the judge questioned Chandler and his attorney on the record to assure that Chandler understood that he was waiving his right to appeal, that he had discussed the agreement with his attorney, and that his waiver was knowing and voluntary. The judge then imposed a sentence of forty-five years to serve with five years of post-release supervision.[2] Consistent with Chandler's agreement with the State, the judge did not sentence Chandler as a habitual offender.

¶3. In December 2012, Chandler filed a pro se "Motion for New Trial or, in the

_____

[1] Prior to Chandler's sentencing hearing, the co-conspirator pled guilty, so Chandler did not have to testify against him.

[2] For kidnapping, Chandler was sentenced to thirty years in the custody of the Mississippi Department of Correction (MDOC), with the final five years to be served on post-release supervision. For aggravated assault, the court imposed a consecutive sentence of twenty years in MDOC custody. For conspiracy, the court imposed a concurrent sentence of five years in MDOC custody.

Alternative, for Judgment Notwithstanding the Verdict" in which he alleged that he was entitled to a judgment of acquittal or a new trial on at least fifteen distinct grounds. The circuit judge denied the motion as untimely.[3]

¶4.    Chandler then filed a notice of appeal "from the final judgment entered . . . on December 11, 2012," and the denial of his untimely post-trial motion. The State moved to dismiss Chandler's appeal as untimely under Rule 4 of the Mississippi Rules of Appellate Procedure. Chandler, represented by the Office of State Public Defender, Indigent Appeals Division, responded that the Court should suspend the rules and allow an out-of-time appeal. This Court granted the State's motion and dismissed the appeal as untimely. *Chandler v. State*, No. 2012-TS-02047-COA (Miss. Ct. App. Mar. 20, 2013). Two months later, Chandler wrote to the Supreme Court Clerk to inquire whether he could "file some kind of motion to the Supreme Court to appeal the dismissal [of his case by this Court] before [he] pursue[d] post-conviction collateral relief." The Clerk advised that he should file a motion to reinstate his appeal, which he did. This Court denied Chandler's motion to reinstate the appeal, noting that we "previously dismissed the appeal as untimely." *Chandler v. State*, No. 2012-TS-02047-COA (Miss. Ct. App. July 17, 2013).

¶5.    In September 2013, Chandler filed a PCR motion in the Madison County Circuit Court asserting thirteen grounds for relief, which he later moved to amend to raise a fourteenth ground. In September 2014, the circuit judge entered an order addressing Chandler's claims

---

[3] *See McGraw v. State*, 688 So. 2d 764, 769 n.1 (Miss. 1997) (citing URCCC 10.05); *Brewer v. State*, 176 So. 3d 177, 177 n.1 (Miss. Ct. App. 2015); *Wells v. State*, 73 So. 3d 1203, 1206 (¶5) (Miss. Ct. App. 2011).

and summarily dismissing his PCR motion as without merit. *See* Miss. Code Ann. § 99-39-19(1) (Rev. 2015). Chandler subsequently filed a timely notice of appeal. In his brief on appeal, Chandler raises twelve issues. In response, the State argues that the circuit court did not have jurisdiction to entertain Chandler's PCR motion because Chandler failed to request or obtain leave from the Supreme Court before filing the motion.

**ANALYSIS**

¶6. We agree with the State that the circuit court was without jurisdiction to rule on Chandler's PCR motion because he never sought or obtained permission from the Supreme Court to file the motion in the circuit court. "Where [a prisoner's] conviction and sentence have been affirmed on appeal *or the appeal has been dismissed*," the prisoner is not permitted to file a PCR motion "in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, . . . and an order granted allowing the filing of such motion in the trial court." Miss. Code Ann. § 99-39-7 (Rev. 2015) (emphasis added). "This procedure is not merely advisory, but jurisdictional." *Dunaway v. State*, 111 So. 3d 117, 118 (¶6) (Miss. Ct. App. 2013) (quoting *Campbell v. State*, 75 So. 3d 1160, 1162 (¶7) (Miss. Ct. App. 2011)).

¶7. Furthermore, "[the Supreme] Court has held that the dismissal of an appeal 'because it was not perfected in the time and manner required by law' has 'the effect of affirming the appellant's conviction and sentence.'" *Jones v. State*, 64 So. 3d 478, 479 (¶3) (Miss. 2011) (quoting *Johnson v. State*, 394 So. 2d 319, 320 (Miss. 1981)) (brackets omitted). *Jones* is on all fours with the present case. There, as here, the prisoner's direct appeal was dismissed

4

as untimely. *See id.* at (¶2). The Supreme Court squarely held that such a dismissal of the prisoner's direct appeal requires him to request leave from the Supreme Court before he may file a PCR motion in the circuit court. *Id.* at 479-80 (¶4). Unless leave is granted, the circuit court is without jurisdiction and must dismiss the PCR motion. *Id.* Such a prisoner "is not without remedy"—he may still pursue PCR, but he must first request and obtain leave from the Supreme Court. *Id.* at 480 (¶5) (quoting *Johnson*, 394 So. 2d at 320).

¶8. Chandler argues that *Jones* is distinguishable because he did not appeal his conviction and sentence but only the denial of his post-trial motion. This argument is unavailing. Chandler's motion for a judgment notwithstanding the verdict (JNOV) or a new trial sought to set aside his conviction and sentence. His appeal from the denial of his motion sought the same. In a criminal case, there is no appeal from the denial of a JNOV/new trial motion separate and apart from an appeal of the defendant's conviction and sentence. An appeal from the former necessarily brings up for appellate review the underlying judgment. *See* M.R.A.P. 4(e).

## CONCLUSION

¶9. The circuit court should have dismissed the case for lack of jurisdiction rather than addressing Chandler's claims on the merits. We therefore vacate the judgment of the circuit court and render a judgment dismissing Chandler's PCR motion for failure to obtain leave to file in the circuit court. *Jones*, 64 So. 3d at 480 (¶6).

¶10. **THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS VACATED, AND A JUDGMENT IS RENDERED DISMISSING THE MOTION FOR POST-CONVICTION RELIEF. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

5

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**