# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-01899-COA

**ROBERT A. MAXWELL A/K/A ROBERT MAXWELL A/K/A ROBERT ANTHONY MAXWELL**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/29/2008 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES ERIN E. PRIDGEN |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN JASON L. DAVIS |
| DISTRICT ATTORNEY: | DEWITT T. BATES JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | GRANTED APPELLANT AN OUT-OF-TIME APPEAL PURSUANT TO THE UNIFORM POST-CONVICTION COLLATERAL RELIEF ACT REGARDING HIS CONVICTION OF MANSLAUGHTER AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR EARLY RELEASE, AND TO PAY A $10,000 FINE AND FULL RESTITUTION |
| DISPOSITION: | AFFIRMED: 04/11/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    Robert A. Maxwell is before this Court on a petition for post-conviction collateral relief (PCCR) where he requested and was granted an out-of-time appeal.  The circuit court granted the PCCR motion and allowed Maxwell leave to file an out-of-time appeal. We consider his direct appeal and find no reversible error as to his conviction and sentence.

FACTS AND PROCEDURAL HISTORY

¶2.    Maxwell was indicted in Lincoln County on the charge of capital murder.  The indictment was subsequently amended to charge Maxwell with murder.

¶3.    On October 29, 2008, Maxwell was found guilty of the lesser-included offense of manslaughter.  Following his conviction, but before sentencing, the State of Mississippi moved to amend the indictment to charge Maxwell as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2015).  The circuit court granted the motion and sentenced Maxwell to twenty years in the custody of the Mississippi Department of Corrections, to be served day for day pursuant to section 99-19-81.

¶4.    Two years later, on October 19, 2010, Maxwell filed a pro se notice of appeal.  The clerk issued a show-cause notice, which required Maxwell to show cause as to why the appeal "should not be dismissed as untimely filed, for failing to comply with the rules of this court." On November 16, 2010, Maxwell's appeal was dismissed as untimely, and the mandate was issued December 8, 2010.

¶5.    On February 25, 2015, Maxwell filed an Application for Leave to Proceed in the Trial Court. *Maxwell v. State*, 2015-M-00302.  Maxwell asked the Mississippi Supreme Court to allow him to proceed under the  Mississippi Uniform Post-Conviction Collateral Relief Act

(UPCCRA). Miss. Code Ann. §§ 99-39-1 to -29 (Rev. 2015). On April 1, 2015, the supreme court entered an order that stated: "After due consideration, we find that Maxwell's application should be dismissed without prejudice to be filed in the trial court." *Maxwell v. State*, 2015-M-00302 (citing *Martin v. State*, 556 So. 2d 357, 358-60 (Miss. 1990)). In *Martin*, the supreme court held:

> Under this section [(99-39-7)], and [section] 99-39-25, there are only two instances in which this Court can entertain a post-conviction motion. One is where the matter is presented originally to the trial court and thereafter appealed to this Court pursuant to [section] 99-39-25. The other is where the prisoner is required to first seek leave of this Court to proceed in the lower court. The case at bar does not fit either situation.

As a result, the supreme court dismissed Maxwell's application without prejudice for it "to be filed in the trial court." *Maxwell v. State*, 2015-M-00302.

¶6. On October 13, 2015, Maxwell filed his petition for PCCR in the circuit court. On December 16, 2015, the circuit court granted the petition. The circuit court ordered:

> THIS CAUSE is before the [circuit] court on a [petition] for [PCCR]. . . . Mr. Maxwell petitions the [circuit] court to grant leave to file an out of time appeal. . . . [Maxwell] attests that his attorney did not inform him of his right to appeal. The [circuit] court finds that the delay was due to no fault of . . . Maxwell, personally, and that he should be, and is hereby[,] granted leave to file an out of time appeal, and that he may do so in forma pauperis.

The effect of the circuit court's order was to allow Maxwell leave to file an out-of-time appeal.

¶7. Maxwell filed a notice of appeal. Maxwell argues the circuit court erred in allowing the State to amend his indictment after conviction to charge him as a habitual offender.

ANALYSIS

3

¶8. Maxwell asserts his appeal is a "direct appeal" from the circuit court. However, the State asserts Maxwell's appeal is an out-of-time appeal subject to a procedural bar.

¶9. We begin with the State's argument. "A trial court has the authority to grant a criminal defendant's motion for an out-of-time appeal if grounds exist and the request is brought under the [UPCCRA]." *Dorsey v. State*, 986 So. 2d 1080, 1083 (¶10) (Miss. Ct. App. 2008) (citing Miss. Code Ann. § 99-39-5(1)(i) (Rev. 2015)). However, even a PCCR petition that asks for leave to file an out-of-time appeal must be filed "within three (3) years after the time in which the petitioner's direct appeal is ruled upon." Miss. Code Ann. § 99-39-5(2). Here, Maxwell's direct appeal was dismissed by this Court in November 2010. As a result, Maxwell's PCCR petition was not timely filed and was subject to the time-bar. The circuit court could have dismissed the petition as procedurally barred. Instead, the circuit court found that grounds existed for an out-of-time appeal and granted Maxwell's request for an out-of-time appeal pursuant to section 99-39-5(1)(i). Accordingly, Maxwell's appeal before this Court is an out-of-time appeal, as authorized under the UPCCRA. The State asks that we find Maxwell's PCCR petition procedurally barred.

¶10. There are exceptions to the procedural bar, such as an intervening decision of the Mississippi Supreme Court that would have adversely affected the outcome of the conviction or sentence. Miss. Code Ann. § 99-39-5(2)(a)(i). Here, Maxwell argues that there was an intervening decision that would have adversely affected the outcome of his sentence. He claims that *Gowdy v. State*, 56 So. 3d 540 (Miss. 2010), should be applied retroactively. If Maxwell's argument is correct, then there would be no procedural bar. As a result, we

4

consider Maxwell's argument.

¶11.   Maxwell argues that the jury found him guilty of manslaughter, which carried a maximum penalty of twenty years in prison. Miss. Code Ann. § 97-3-25 (Rev. 2006). The State made a motion to amend the indictment after the jury verdict but before Maxwell was sentenced. The State asked that Maxwell be sentenced as a habitual offender under section 99-19-81. If Maxwell was sentenced under section 99-19-81, he would be required to serve the twenty-year sentence for the conviction, and he would not be eligible for any reduction, suspension, parole, or probation. Maxwell's counsel did not object. Now, Maxwell argues that this amendment was improper under *Gowdy*, 56 So. 3d at 546 (¶22).

¶12.   In *Gowdy*, immediately after Gowdy's conviction of felony driving under the influence, the State informed the circuit court that it had just received information regarding Gowdy's prior convictions in Iowa and would seek to amend the indictment to include his habitual-offender status. *Id.* at 544 (¶15). The State further informed the circuit court that it was uncertain whether the amendment would charge Gowdy under section 99-19-81 or Mississippi Code Annotated section 99-19-83 (Rev. 2015). *Gowdy*, 56 So. 3d at 544 (¶15). Almost two months later, the State filed its motion to amend the indictment to charge Gowdy as a habitual offender under section 99-19-83. *Gowdy*, 56 So. 3d at 544-45 (¶15). Just before sentencing, the circuit court allowed the State to amend the indictment to reflect Gowdy's habitual-offender status. *Id*. at 542 (¶5). The circuit court adjudicated Gowdy as a habitual offender and sentenced him to life imprisonment without the possibility of parole. *Id*.

¶13. On appeal, the Mississippi Supreme Court interpreted Uniform Rule of Circuit and County Court 7.09, which allows an indictment to be amended to charge the defendant as a habitual offender "only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised." *Id.* at 545 (¶16). The court found that "an amendment to the indictment to allege habitual offender status after conviction is an unfair surprise." *Id*. at 545 (¶19). The court then vacated Gowdy's sentence and remanded the case for resentencing. *Id*. at 546 (¶24).

¶14. Recently, in *Carr v. State*, 178 So. 3d 320, 321 (¶6) (Miss. 2015), the court held that "[t]he rule we announced in *Gowdy* does not apply retroactively to cases that were final before April 7, 2011, the date the mandate was issued in *Gowdy*."

¶15. Here, Maxwell's direct appeal was dismissed and the mandate was issued prior to April 7, 2011. Thus, Maxwell's case was final before *Gowdy* was decided. Thus, *Gowdy* does not apply retroactively to Maxwell's case. As a result, *Gowdy* is neither an intervening decision for purposes of the time-bar exception nor a basis for us to reverse Maxwell's conviction and sentence on the merits of the direct appeal.

¶16. As a result, we find that Maxwell's conviction and sentence should be affirmed.

¶17. **THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF MANSLAUGHTER AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR EARLY RELEASE, AND TO PAY A $10,000 FINE AND FULL RESTITUTION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. WESTBROOKS, J., CONCURS IN PART AND**

**DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**