# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00008-COA

**KENNETH READUS**                                                       **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/29/2017 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENNETH READUS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., WILSON AND WESTBROOKS, JJ.

### WILSON, J., FOR THE COURT:

¶1. Following a jury trial in the Madison County Circuit Court, Kenneth Readus was convicted of murder and aggravated assault and sentenced to life imprisonment and twenty years to run concurrently. His conviction and sentence were affirmed on appeal. *Readus v. State*, 997 So. 2d 941 (Miss. Ct. App. 2008), *cert. denied*, 999 So. 2d 852 (Miss. 2009).

¶2. Readus later filed an application in the Mississippi Supreme Court for leave to file a motion for post-conviction relief. The Supreme Court denied his application. *See Readus v. State*, No. 2010-M-01047 (Miss. July 21, 2010).

¶3. Seven years later, Readus filed an "Out of Time Appeal" in the Mississippi Supreme

Court. He attached a "Motion for Correction of Sentence," which he proposed to file in the circuit court. The Court treated the filing as an application for leave to proceed in the circuit court. The Court denied the application as without merit, barred by the statute of limitations, and barred as a successive application. *Readus v. State*, No. 2017-M-01545 (Miss. Feb. 21, 2018) (citing Miss. Code Ann. §§ 99-39-5(2) & 99-39-27(9) (Rev. 2015)).

¶4.     Six days after he filed his "Out of Time Appeal" in the Supreme Court, Readus filed a "Motion for Correction of Sentence" in the circuit court. This was the same document that Readus had submitted to the Supreme Court, but the Supreme Court had not ruled on his application for leave. (And, as noted above, the Supreme Court later denied his application.) Readus's motion alleged ineffective assistance of counsel and an illegal sentence.[1] The circuit court dismissed the motion because the Supreme Court had not granted Readus permission to file it. *See* Miss. Code Ann. § 99-39-7 (Rev. 2015). Readus appealed.

¶5.     We affirm. When a prisoner's conviction and sentence have been affirmed on direct appeal, he may not file a motion for post-conviction relief in the circuit court without first obtaining permission from the Mississippi Supreme Court. *Id.* In such a case, the circuit court lacks jurisdiction to consider the motion for post-conviction relief. *Jones v. State*, 64 So. 3d 478, 479-80 (¶4) (Miss. 2011). Accordingly, the circuit court correctly dismissed Readus's motion.

¶6.     **AFFIRMED.**

---

[1] Readus seems to allege that his sentence is illegal under *Parker v. State*, 30 So. 3d 1222, 1227-28 (¶¶15-18) (Miss. 2012) (holding that a defendant convicted of murder should be sentenced to "life imprisonment," not "life imprisonment without parole"). However, Readus was sentenced to life imprisonment for murder, which is consistent with *Parker*.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**