# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-00177-COA

**BARRY ALEXANDER**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/11/2020 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHESTER RAY JONES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/27/2021 |
| MOTION FOR REHEARING FILED: | 09/17/2021 - DENIED; AFFIRMED - 12/14/2021 |
| MANDATE ISSUED: | |

**EN BANC.**

**WESTBROOKS, J., FOR THE COURT:**

## MODIFIED OPINION ON MOTION FOR REHEARING

¶1.     The motion for rehearing is denied. The original opinion of this Court is withdrawn, and this modified opinion is substituted in its place.

¶2.     Barry Alexander appeals from the Hinds County Circuit Court's dismissal of his motion for post-conviction collateral relief (PCR) and the denial of his motion for the recusal of the circuit court judge. After a review of the record, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶3.     In 1994, a Hinds County grand jury indicted Alexander on three counts of murder.[1] According to Alexander, on December 12, 1994, a jury was impaneled and sworn. Alexander states that he requested a continuance after the State failed to disclose evidence, but instead of a continuance, the trial court ordered a mistrial. A second trial was set for February 6, 1995. Alexander's "Plea of Former Jeopardy" was denied, and his attempted interlocutory appeal was unsuccessful. He was found guilty by a jury and sentenced to serve three consecutive life sentences.

¶4.     On March 6, 1995, Alexander filed a motion for judgment notwithstanding the verdict and a motion for a new trial. In its denial of the motion for a new trial, the trial court noted that "the attorneys have repeatedly set the case for hearing on a motion for new trial but have either canceled or failed to appear." The defendant's counsel did not attend the hearing that was set and went forward on December 5, 1995. No order was entered on Alexander's motion for judgment notwithstanding the verdict. On January 4, 1996, Alexander appealed to the Supreme Court "from the judgment of conviction and sentence and from the denial of his Motion for New Trial on December 5, 1995." On April 18, 1996, the appeal was dismissed for failure to prosecute.

¶5.     On December 23, 2019, Alexander filed a motion for leave to amend the motion for judgment notwithstanding the verdict, which included a petition for writ of habeas corpus. The circuit court properly viewed this as a PCR motion and dismissed it because the Supreme

---

[1] The record before us does not contain transcripts of either the first or second trial and only a limited number of pleadings from the underlying case. As such, we rely on the docket sheet to determine much of the procedural history.

2

Court had not given Alexander permission to file the motion and because it was time-barred. Alexander filed and the circuit court denied a "Motion for Honorable Faye Peterson to Recuse Herself." Alexander now appeals the circuit court's rulings on these motions. We affirm the circuit court's denial of the motion to recuse and dismissal of Alexander's PCR motion.

## STANDARD OF REVIEW

¶6. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Freeman v. State*, 294 So. 3d 1245, 1247 (¶5) (Miss. Ct. App. 2020) (quoting *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019)).

¶7. "[A] judge's decision to not recuse is reviewed 'under the standard of abuse of discretion.'" *Day v. State*, 285 So. 3d 171, 176 (¶9) (Miss. Ct. App. 2019) (quoting *Brent v. State*, 929 So. 2d 952, 955 (¶3) (Miss. Ct. App. 2005)).

## DISCUSSION

### A. Jurisdiction

¶8. Alexander argues that the circuit court had jurisdiction to rule on his motion for leave to amend the motion for judgment notwithstanding the verdict (which included the petition for writ of habeas corpus) because there was no final judgment and because the motion remained pending. We disagree. We find that the circuit court was without jurisdiction to rule on Alexander's PCR motion because he failed to obtain permission from the Supreme

3

Court to file the motion. We also find that there was a final judgment and sentence entered in this case.

¶9.     Alexander attempts to convince us that the circuit court retained jurisdiction based on the fact that his motion for judgment notwithstanding the verdict was never heard. "It is the responsibility of the movant to obtain a ruling from the court on motions filed by him, and failure to do so constitutes a waiver of same." *Billiot v. State*, 454 So. 2d 445, 456 (Miss. 1984) (internal quotation mark omitted).[2] It bears repeating that in its denial of the motion for a new trial (for which Alexander's counsel failed to attend the hearing on), the trial court noted that "the attorneys have repeatedly set the case for hearing on a motion for new trial but have either canceled or failed to appear." Thus, it is apparent that Alexander's counsel knew they were required to have the motion for judgment notwithstanding the verdict set for a hearing, but they failed to do so. To argue that this motion remains pending over 26 years after it was filed strains credibility. The fact that Alexander never ensured that his post-trial motion was heard does not mean that the circuit court still has jurisdiction of his case.

¶10.    We agree with the circuit court that it did not have jurisdiction to rule on Alexander's PCR motion. As stated above, on January 4, 1996, Alexander appealed to the Supreme Court "from the judgment of conviction and sentence and from the denial of his Motion for New Trial on December 5, 1995." On April 18, 1996, the appeal was dismissed for failure to

---

[2] This concept was adopted on May 1, 1995, in Uniform Rule of Circuit and County Court Practice 2.04, which states, "It is the duty of the movant, when a motion or other pleading is filed, including motions for a new trial, to pursue said motion to hearing and decision by the court. Failure to pursue a pretrial motion to hearing and decision before trial is deemed an abandonment of that motion; however, said motion may be heard after the commencement of trial in the discretion of the court."

prosecute. Alexander did not file anything else with the Supreme Court prior to filing the instant appeal. The Legislature has made it clear that

> [w]here [a petitioner's] conviction and sentence have been affirmed on appeal or the appeal has been dismissed, [the petitioner is not permitted to file a PCR motion] in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, . . . and an order granted allowing the filing of such motion in the trial court.

Miss. Code Ann. § 99-39-7 (Rev. 2020); *see also Jones v. State*, 64 So. 3d 478, 479-80 (¶4) (Miss. 2011) (holding that where Jones did not request leave from the Supreme Court to proceed with a PCR motion, the circuit court should have dismissed the motion because it had no jurisdiction). We note that Alexander's 1996 appeal was from his convictions and sentences and the denial of his motion for a new trial. To the extent it may be argued that an appeal of a post-trial motion affects our finding regarding jurisdiction, it does not. In *Chandler v. State*, 190 So. 3d 509, 511 (¶8) (Miss. Ct. App. 2016), the appellant tried to distinguish the appeal of a conviction and sentence from the appeal of a post-trial motion. We held that "[i]n a criminal case, there is no appeal from the denial of a JNOV/new trial motion separate and apart from an appeal of the defendant's conviction and sentence. An appeal from the former necessarily brings up for appellate review the underlying judgment." *Id.*

¶11. Alexander argues that because no pleading entitled "Final Judgment of Conviction" was entered on the docket by the circuit court, his case was not closed, and the circuit court retained jurisdiction over it. He was found guilty of three counts of murder on February 16, 1995, and sentenced to serve three consecutive life sentences on February 23, 1995. On

February 27, 1995, three final judgments were entered in his case—one for each count of which he was found guilty. Alexander admits that a proper judgment is one that is entered in the minutes of the court. *Temple v. State*, 671 So. 2d 58, 59 (Miss. 1996). But he apparently finds fault with the fact that the judgments in his case are entitled "Sentencing of the Defendant by the Court." It is not the title of a document that renders it a final judgment; it is the content thereof. *See Shinn v. State*, 74 So. 3d 901, 906 (¶14) (Miss. Ct. App. 2011) (recognizing that "sentencing orders are the final judgments"). The documents at issue ended in convictions and sentences, thus terminating the litigation. A "final judgment is one which ends in conviction and sentence." *Smith v. State*, 786 So. 2d 423, 426 (¶11) (Miss. Ct. App. 2001); *accord Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). The judgments against Alexander were also signed by the judge and recorded by the circuit clerk in Book 330, at Pages 706-708, and this was reflected on the docket.[3] Additionally, Alexander appealed his convictions in January 1996 in case number 96-TS-00138. The appeal was not interlocutory but was a direct appeal of "the judgment of conviction and sentence and from the denial of his Motion for New Trial." The circuit court was divested of jurisdiction when Alexander filed his notice of appeal in 1996. *See Estes v. State*, 782 So. 2d 1244, 1248 (¶2) (Miss. Ct. App. 2000) (citing *Martin v. State*, 732 So. 2d 847, 851 (¶18) (Miss. 1998)).

---

[3] The Mississippi Rules of Criminal Procedure did not take effect until July 1, 2017—well after the events preceding this appeal. Rule 26 pertains to judgments, but neither it, nor any other rule, specifies the manner in which a judgment must be captioned. The only pronouncement is that "[t]he judgment is complete and valid upon its entry in the minutes." MRCrP 26.8(a).

¶12. Thus, the circuit court was correct in holding that it did not have jurisdiction over Alexander's PCR motion.

## B. Habeas Corpus Relief

¶13. Alexander maintains that a writ of habeas corpus is the appropriate remedy in this instance. His pleading in the circuit court was styled as a petition for habeas corpus relief, but the Supreme Court has stated that the Uniform Post-Conviction Collateral Relief Act (UPCCRA) "repealed post-conviction use of habeas corpus and implemented a motion framework specifically for post-conviction collateral review of challenges to convictions or sentences, as opposed to pre-conviction challenges." *Edmond v. Miss. Dep't of Corr.*, 783 So. 2d 675, 677 (¶8) (Miss. 2001). Since the enactment of the UPCCRA, any "pleading cognizable under [it] will be treated as a motion for post-conviction relief that is subject to the [Act], regardless of how the plaintiff has denominated or characterized the pleading." *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011). Therefore, the circuit court properly viewed Alexander's habeas corpus petition as a PCR motion. We affirm the circuit court's dismissal of Alexander's PCR motion.

## C. Recusal

¶14. Alexander argues that Hinds County Circuit Court Judge Faye Peterson should have recused herself from considering his 2019 PCR motion because she was the Hinds County district attorney during a portion of the time his case was pending. This argument is flawed. No constitutional or statutory grounds for disqualification of Judge Peterson were raised. *See* Miss. Const. art. 6, § 165; Miss. Code Ann. § 9-1-11 (Rev. 2019). Nor does Canon 3(E)(1)

7

of the Mississippi Code of Judicial Conduct require recusal in this instance. Alexander's trial was in 1995, and Judge Peterson served as the district attorney from 2001 to 2007. Furthermore, as indicated on the verdict and sentencing forms, Pat Bennett was the assistant district attorney who prosecuted Alexander's case. Bennett was also listed on the certificates of service attached to Alexander's March 1995 motion for a new trial and January 1996 notice of appeal. Even assuming for the sake of argument that the circuit court retained jurisdiction of Alexander's case, no action was taken on the case during Judge Peterson's time as district attorney. We find no evidence that Judge Peterson abused her discretion in denying the motion to recuse.

**CONCLUSION**

¶15. Based on the foregoing, we find that the circuit court properly denied Alexander's motion for the recusal of Judge Peterson and affirm. Additionally, the circuit court appropriately viewed Alexander's habeas corpus petition as a PCR motion, and the dismissal of his motion was proper because the circuit court had no jurisdiction over the motion. Thus, we affirm the circuit court's dismissal of Alexander's PCR motion.

¶16. **AFFIRMED.**

**CARLTON, P.J., GREENLEE, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. BARNES, C.J., WILSON, P.J., AND EMFINGER, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., NOT PARTICIPATING.**

8